FILED
10/28/2025
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Amariah Mitchell
DV-16-2025-0001598-BC
Breuner, Andrew
1.00

Scott Peterson
MORRISON, SHERWOOD, WILSON & DEOLA PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
Ph: (406) 442-3261
Fx: (406) 443-7294
speterson@mswdlaw.com

*Attorney for Plaintiff*

**MONTANA'S EIGHTEENTH JUDICIAL DISTRICT COURT**
**GALLATIN COUNTY**

| | |
|---|---|
| TAYLOR GIBSON,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD OF MONTANA,<br><br>Defendant. | Cause No. DV-16-2025-0001598-BC<br><br>**COMPLAINT** |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Taylor Gibson is a resident of Gallatin County, Montana. At all relevant times, she was an insured of Healthcare Service Corporation ("HCSC").

2. Defendant Health Care Service Corporation is a corporate entity with headquarters in Chicago, Illinois. HCSC is licensed to provide health insurance in the State of Montana and does business as Blue Cross Blue Shield of Montana.

3. Jurisdiction is proper in this Court.

4. Venue is proper in this Court because HCSC is a foreign corporation, and Plaintiff resides in Gallatin County, Montana.

## BACKGROUND

5. In 2025, Taylor was visiting Costa Rica.

6. During the course of her visit, Taylor was drugged, kidnapped, raped, and nearly human trafficked.

7. Before this time and prior to this traumatic event, Taylor had struggled with alcohol use. This traumatic event had the potential to cause her to deepen her addiction.

8. Taylor recognized the predicament she was in. On her flight home from Costa Rica, following the traumatic events, she realized she was at risk of either killing herself or drinking herself to death. She knew she urgently needed to obtain both alcohol and trauma treatment.

9. Shortly after returning home, Taylor began alcohol treatment at Bear Creek Wellness in Stevensville, Montana. Bear Creek did not provide trauma treatment, nor did any place in Montana address both trauma and alcohol.

10. The addiction center contained both men and women, meaning that group therapy and group sessions included members of both sexes.

11. This structure required Taylor, in the course of treatment, to discuss her issues and past experiences in front of both men and women.

12. For reasons that should be self-evident, Taylor was not comfortable discussing her recent traumatic events, nor her past history of sexual abuse, in the presence of men.

13. Following these traumatic events, Taylor did not feel safe or comfortable around men in general. In fact, she had severe PTSD in the presence of men, including debilitating flashback.

14. The addiction center was aware of this issue and recommended that Taylor seek the next step of treatment, Partial Hospitalization Program (PHP), at an all-women facility that addressed both addiction and trauma.

15. However, Montana does not have an all-women facility that specializes in addiction and Taylor therefore needed to seek treatment out of state. Simultaneously, there was not facility in Montana that addressed both trauma and alcohol. Once again, this necessitated she seek treatment outside Montana. Indeed, the need for more specific treatment was necessary as Taylor's eating disorder resurfaced as a result of her trauma during the course of her stay at Bear Creek Wellness.

16. Under Taylor's insurance policy with HCSC, there are limitations for out-of-state coverage. Nevertheless, all conditions precedent for such coverage were met in her case.

17. The facility that Taylor attended in California was in-network through Blue Cross Blue Shield of California. This satisfied the policy's network and coverage requirements.

18. It was medically necessary that Taylor attend an all-women facility.

19. To address her alcoholism and PTSD, Taylor needed to participate in group therapy and discuss the trauma she had experienced. Because she could not comfortably share these traumatic events in the presence of men, she could not meaningfully participate in group therapy.

20. Without group therapy participation, she could not effectively treat her alcohol addiction or PTSD.

21. Accordingly, attendance at an all-women facility with trauma and eating disorder specialists was medically necessary, and because no such facility exists in Montana, treatment out of state was necessary.

22. Taylor's addiction center in Montana and California conveyed this information to Blue Cross Blue Shield.

23. Despite receiving this information, Blue Cross Blue Shield continued to assert that it was not medically necessary for Taylor to attend an all-women facility.

24. Notably, Blue Cross Blue Shield never addressed how Taylor could reasonably engage in group therapy given her traumatic history.

25. Blue Cross Blue Shield never contacted Taylor's healthcare provider to discuss these concerns.

26. Nor did Blue Cross Blue Shield communicate directly with Taylor to understand why she needed an all-women treatment setting.

**COUNT I – BREACH OF CONTRACT**

27. Taylor re-alleges and incorporates all preceding paragraphs.

28. Taylor had a valid contract with Blue Cross Blue Shield.

29. That contract provided coverage for treatment services received at the California facility.

30. Blue Cross Blue Shield failed to pay for those covered services.

31. Blue Cross Blue Shield is liable to Taylor for damages caused by its breach of contract.

## COUNT II – VIOLATION OF THE MONTANA UNFAIR TRADE PRACTICES ACT

32. Taylor re-alleges and incorporates all preceding paragraphs.

33. By failing to pay Taylor's claim, HCSC violated its duties under Montana's Unfair Trade Practices Act (UTPA).

34. HCSC breached its duty to conduct a reasonable investigation of Taylor's claim. It did not engage in any meaningful dialogue with Taylor's healthcare providers or with Taylor herself.

35. Had HCSC conducted a reasonable investigation, it would have recognized that coverage was warranted and medically necessary.

36. HCSC also failed to pay when liability was reasonably clear.

37. It should have been obvious to any reasonable person that Taylor required an all-women facility to address her trauma and addiction.

38. Indeed, it is difficult to imagine a more traumatic experience than what Taylor endured. Yet, Blue Cross Blue Shield displayed no understanding of why it would be impossible for Taylor to discuss her trauma in the presence of men.

39. Taylor was damaged by Blue Cross Blue Shield's conduct, including emotional distress and financial harm. Indeed, at a time when Taylor should have been dealing with her trauma, she spent much of her counseling in the California facility addressing the stress of dealing with Blue Cross, the denial of her claim, and the financial distress caused by that unfair denial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Taylor Gibson respectfully prays for the following relief:

1. Compensatory damages, including unpaid insurance benefits, consequential damages, and emotional distress damages;
2. Attorney's fees and costs; and
3. Any other relief deemed just and proper by this Court

DATED this 28th day of October, 2025.

Respectfully submitted,

By ______________________________
Scott Peterson
MORRISON, SHERWOOD, WILSON & DEOLA PLLP
*Attorney for Plaintiff*